Kenneth James HARASTY, Petitioner

v.

PUBLIC SCHOOL EMPLOYEES'
RETIREMENT BOARD,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 21, 2007.
Decided Jan. 24, 2008.
Publication Ordered April 21, 2008.

Peter J. Daley, II, California, PA, for petitioner.

David W. Speck, Asst. Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Kenneth James Harasty (Harasty) petitions for review of an adjudication of the Public School Employees' Retirement Board (Board) denying his request to elect Class T–D membership in the public school employees retirement system. The Board concluded that Harasty was ineligible because he did not make this election by December 31, 2001, the deadline prescribed by statute. · For the reasons that follow, we affirm.

The background to this case is as follows. Harasty has been employed as a secondary education teacher with the Brownsville Area School District since 1973, during which time he has been an active and contributing member of the Public School Employees' Retirement System (PSERS). Throughout his employment, Harasty has participated in PSERS as a Class T–C member. In 2001, the General Assembly revised the Public School Employees' Retirement Code (Retirement Code), 24 Pa.C.S. §§ 8101–8535, to create a new class of service, the Class T–D membership, that became effective on January 1, 2002. 24 Pa.C.S. § 8305(c).[1] The Class T–D membership provides members with enhanced benefits but requires higher member contributions.[2] The new Class T–D membership was made

1. It provides, in pertinent part, as follows:

   A school employee who, on the day before and on the effective date of this subsection, is either an active member or an inactive member shall be classified as a Class T–D member and receive credit for Class T–D service performed on or after the effective date of this subsection upon payment of regular member contributions, provided the school employee elects to become a Class T–D member pursuant to section 8305.1 (relating to election to become a Class T–D member). A school employee who becomes a Class T–D member shall also receive Class T–D service credit for all Class T–C school service performed before the effec-

   tive date of this subsection, subject to the limitations contained in paragraph (4).
   24 Pa.C.S. § 8305(c)(2).

2. For example, for Class T–D credited retirement service, the annuity equals 2.5% of the final average salary, as opposed to 2% for other classes of credited service. 24 Pa.C.S. § 8102. Section 8102 defines "standard single life annuity" as follows:

   For Class T–A, T–B and T–C credited service of a member, an annuity equal to 2% of the final average salary, multiplied by the total number of years and fractional part of a year of credited service of a member. For Class T–D credited service of a mem-

available to new members as well as to existing class T–C members; however, existing Class T–C members had to elect T–D membership by filing a written notice with the Board on or before December 31, 2001.[3]

On May 18, 2001, PSERS sent a letter to all active and inactive members informing them of their option to elect Class T–D membership. The letter further explained that the election had to be made, in writing, by December 31, 2001, or before the last day of school service, whichever was earlier. PSERS also issued publications in the spring and fall of 2001, reminding members of the upcoming deadline to elect Class T–D membership.

On June 6, 2001, PSERS sent Harasty a membership class election form. When PSERS did not receive a response from Harasty, it sent him a follow-up letter on June 14, 2001, advising him that it was urgent that he return the election form. On November 30, 2001, PSERS sent an-

other follow-up letter to Harasty, reminding him of the approaching deadline. Hearing nothing, PSERS sent Harasty another letter on December 5, 2001, which again reminded him of the impending deadline. It also enclosed another election form for his convenience.

Harasty acknowledges receiving the letter of December 5, 2001, as well as the prior communications.[4] He asserts that on or about December 21, 2001, he mailed the election form that had been enclosed with the December 5, 2001, letter. In late January of 2002, Harasty realized that the higher contribution rate for Class T–D members had not been deducted from his paycheck and he contacted PSERS to discuss the matter. PSERS explained that it never received an election form from him and that because he had missed the deadline for making the election, he could not be reclassified as a Class T–D member.

Four years later, in May of 2006, Harasty appealed PSERS' refusal to reclassify

ber, an annuity equal to 2.5% of the final average salary, multiplied by the total number of years and fractional part of a year of credited service.
24 Pa.C.S. § 8102.

3. Section 8305.1 of the Retirement Code contains the provisions for electing to become a Class T–D member:

(a) General rule.—A person who is:
(1) a member of the system; or
(2) a multiple service member who is a State employee and a member of the State Employees' Retirement System; and who, on the effective date of this subsection, is eligible for Class T–D membership may elect to become a member of Class T–D.
(b) Time for making election.—*The member must elect to become a Class T–D member by filing a written notice with the board on or before December 31, 2001, or before the termination of school service or State service as applicable, whichever first occurs.*
(c) Effect of election.—An election to become a Class T–D member shall remain in effect until the termination of employment.

Those members who, on the effective date of this section, contribute at the rate of 5 1/4% shall be deemed to have accepted the basic contribution rate of 6 1/2% for all Class T–D service performed on or after January 1, 2002. Those members who, on the effective date of this section, contribute at the rate of 6 1/4% shall be deemed to have accepted the basic contribution rate of 7 1/2% for all Class T–D service performed on or after January 1, 2002.
(d) Effect of failure to make election.—If the member fails to timely file an election to become a Class T–D member, then all of the member's Class T–C school service shall be credited as Class T–C service, and said service shall not be eligible for Class T–D service credit upon termination of service and subsequent employment as an active member.
24 Pa.C.S. § 8305.1 (emphasis added).

4. At the hearing, Harasty explained his failure to act upon the earlier communications as "just procrastination on my part." Notes of Testimony, 1/10/07, at 18–19.

his membership to Class T–D. By letter of August 14, 2006, PSERS again denied Harasty's request because he had not filed his election form before the December 31, 2001, deadline. Harasty appealed the denial, and a hearing was held before a hearing examiner on January 10, 2007.[5]

At the hearing, Harasty testified that he mailed the election form on or about December 21, 2001, and that his election form must have been lost either by the postal service or by PSERS. Harasty acknowledged that he could not prove either proposition.

Michelle Sellers, the Manager of the Exception Processing Center at PSERS, testified that under Section 8305.1 of the Retirement Code, a Class T–D membership election form is not timely filed unless *actually received* on or before December 31, 2001. Sellers further testified that because PSERS never received Harasty's election form, either before or after the December 31, 2001, deadline, it could not reclassify his membership from Class T–C to Class T–D.

On April 13, 2007, the Hearing Examiner affirmed the decision of PSERS. He agreed that under Section 8305.1, the election form had to have been *received* on or before December 31, 2001. Because Harasty did not present any evidence that his election form was *received* by PSERS on or before December 31, 2001, the Hearing Examiner concluded that Harasty did not meet his burden of proving that he had timely elected Class T–D membership. Therefore, the hearing examiner denied Harasty's appeal. On July 27, 2007, the Board issued an order affirming the Hearing Examiner, and the present appeal followed.

On appeal,[6] Harasty raises several issues. First, he contends that the Board erred in its interpretation of the statutory deadline set forth in Section 8305.1. Second, he contends that the evidence does not support the conclusion that he did not timely submit his Class T–D election form to PSERS.[7] We consider these issues *seriatim*.

Harasty first contends that the Board erred in reading Section 8305.1 of the Retirement Code to require that the Class T–D election form be *actually received* by PSERS on or before December 31, 2001, in order for a member to be eligible for Class T–D membership. Harasty argues that he is entitled to a rebuttable presumption that the Class T–D elec-

---

**5.** At the administrative hearing, Harasty was advised of his right to legal counsel; however, Harasty chose to proceed *pro se*. Harasty obtained counsel to represent him in his request for this Court's review.

**6.** This Court's standard of review in an appeal from a decision of a retirement board is limited to determining whether an error of law was committed, whether there is substantial evidence to support necessary findings of fact, or whether constitutional rights have been violated. *Hoffman v. State Employees' Retirement Board*, 915 A.2d 674, 680 n. 7 (Pa. Cmwlth.2006) (citations omitted). "Questions of resolving conflicts in the evidence, witness credibility, and evidentiary weight are properly within the exclusive discretion of the

[Board] and are subject to only limited review by this court." *Id.* at 680 (quoting *Beardsley v. State Employees' Retirement Board*, 691 A.2d 1016, 1018 (Pa.Cmwlth.1997)).

**7.** Harasty also raises two issues we will not consider: whether PSERS lacked adequate tracking procedures and safeguards to timely notify members if their election form had not been received; and whether PSERS erred in applying the appropriate credit provisions under the Retirement Code. Because Harasty failed to raise these arguments in the administrative proceeding below, they cannot be raised here. *See* PA. R.A.P. 1551(a) ("no question shall be heard or considered by the court which was not raised before the government unit . . .").

tion form was timely received by PSERS under the "mailbox rule." This evidentiary rule provides that

> [d]epositing in the post office a properly addressed, prepaid letter raises a presumption that it reached its destination by due course of mail, and mailing a letter in such way is prima facie evidence that it was received by the person to whom it was addressed.

*In re Cameron's Estate,* 388 Pa. 25, 35, 130 A.2d 173, 177 (1957) (citations omitted). Because PSERS produced no evidence to rebut Harasty's testimony that he mailed the election form, Harasty contends that he proved that his election form reached its destination. He also contends that the Board's contrary finding is not supported by substantial evidence.[8] Accordingly, Harasty contends that he should be permitted to elect Class T–D membership effective January 1, 2002.

■ The Board is the agency charged with the execution and application of the Retirement Code with respect to public school employees. *Laurito v. Public School Employes' Retirement Board,* 146 Pa.Cmwlth. 514, 606 A.2d 609, 611 (1992). As such,

> the Board is entitled to considerable deference in its construction of the Retirement Code and the regulations promulgated thereunder; therefore, the

Board's construction may not be overturned unless it is clearly erroneous. *Gowden v. State Employees' Retirement Board,* 875 A.2d 1239, 1241 n. 4 (Pa. Cmwlth.2005) (quoting *McCormack v. State Employees' Retirement Board,* 844 A.2d 619, 622 n. 2 (Pa.Cmwlth.2004)). The Board interprets Section 8305.1 of the Retirement Code to require that the Class T–D election form be *actually received* by PSERS on or before December 31, 2001, to be effective. We consider, then, whether this interpretation is "clearly erroneous."

■ Section 8305.1 of the Retirement Code provides, in relevant part, as follows:

> Time for making election.—The member must elect to become a Class T–D member by *filing a written notice with the board on or before December 31, 2001,* or before the termination of school service or State service as applicable, whichever first occurs.

24 Pa.C.S. § 8305.1(b) (emphasis added). The Board has adopted the General Rules of Administrative Practice and Procedure,[9] and they provide, in relevant part:

> [D]ocuments required or permitted to be filed under this part, the regulations of the agency or any other provision of law shall be received for filing at the office of the agency within the time limits, if any, for the filing. *The date of receipt*

---

**8.** Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Moorehead v. Civil Service Commission of Allegheny County,* 769 A.2d 1233, 1238 (Pa.Cmwlth. 2001). "In performing a substantial evidence analysis, this court must view the evidence in a light most favorable to the party who prevailed before the factfinder" and "draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party." *3D Trucking Co., Inc. v. Workers' Compensation Appeal Board (Fine and Anthony Holdings International),* 921 A.2d 1281, 1288

(Pa.Cmwlth.2007) (internal quotation omitted). In addition, the "presence of conflicting evidence in the record does not mean that substantial evidence is lacking." *Allied Mechanical and Electrical, Inc. v. Pennsylvania Prevailing Wage Appeals Board,* 923 A.2d 1220, 1228 (Pa.Cmwlth.2007) (citation omitted).

**9.** *See* 22 Pa.Code § 201.1 ("1 Pa.Code Part II (relating to General Rules of Administrative Practice and Procedure), are applicable *to the activities of* and proceedings before *the Board.*") (emphasis added).

*at the office of the agency and not the date of deposit in the mails is determinative.*

1 Pa.Code § 31.11 (emphasis added). The Board contends that the timeliness of any document filed with PSERS is governed by the *actual receipt* of the document, rather than the date of mailing. Accordingly, the Board argues that the mailbox rule cannot be invoked to prove timely receipt. We agree.

■ It was Harasty's burden to prove not just mailing but receipt. *Wingert v. State Employes' Retirement Board,* 138 Pa.Cmwlth. 43, 589 A.2d 269, 271 (1991) ("It is well-established that the party who maintains the existence of certain facts must prove those facts."). This he did not do. By contrast, PSERS presented credible evidence that his Class T–D election form was never received. It explained that it monitored submissions of Class T–C members and reminded those who had not filed right up until the final month before the deadline. In short, substantial evidence supports the finding that the election form was not received.

Further, there is no exception to the deadline for electing Class T–D membership. This Court has held there is no *nunc pro tunc* filing allowed for the Class T–D election. *See Allen v. Public School Employees' Retirement Board,* 848 A.2d 1031, 1033 (Pa.Cmwlth.2004) (holding that there are no exceptions to the statutory deadline in 24 Pa.C.S. § 8305.1(b)). Accordingly, this Court cannot, as Harasty requests, order the Board to accept his election years after the deadline has passed. 24 Pa.C.S. § 8305.1(d) ("If the member fails to timely file an election to become a class T–D member, then all of the member's Class T–C school service shall be credited as Class T–C service, and said service shall not be eligible for Class

T–D service credit...."). The rule is harsh, but it is clear and not waivable.

For the above-stated reasons, we affirm the Board.

### ORDER

AND NOW, this 24th day of January, 2008, the order of the Public School Employees' Retirement Board, dated June 27, 2007, is hereby AFFIRMED.