CHURCH OF GOD HOME,
INC., Petitioner

v.

DEPARTMENT OF PUBLIC
WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 16, 2009.

Decided March 23, 2009.

Publication Ordered June 10, 2009.

Allison M. O'Horo, Harrisburg, for petitioner.

Diane Ryan Katz, Asst. Counsel, Pittsburgh and Allen Warshaw, Chief Counsel, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge and COHN JUBELIRER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Church of God Home, Inc., (CGH), a long-term nursing care facility, petitions the Court for its review of the July 2, 2008 final order of the Secretary of the Department of Public Welfare (DPW). Secretary Estelle B. Richman upheld the order of the Bureau of Hearings and Appeals (Bureau), which dismissed on grounds of *res judicata* and lack of timely filing an appeal of the CGH from denial of an application for Medical Assistance (MA) benefits for

its resident Bertha E. Stone (Stone).[1] The CGH raises fair hearing and due process arguments.

Stone is 102 years old. On November 14, 2000, she signed a durable power of attorney appointing her daughter Edith C. Eckart as her authorized agent and her granddaughter Mary L. Gross as replacement if Eckart is unable, unwilling or unavailable to act. Stone was admitted to the CGH on October 21, 2002, and Eckart signed the agreement for Stone's admission. Due to her alleged insolvency, Eckart applied for MA benefits on Stone's behalf. On March 7, 2007, the Cumberland County Assistance Office (CAO) sent a denial notice rejecting the application on the grounds that Stone failed to provide documents to verify her income and resources. Eckart timely appealed on March 22, 2007, and at a May 9, 2007 Bureau hearing Eckart and Gross entered into a Stipulation of Settlement (Stipulation) with the CAO, which stated that the denial notice would stand unless Eckart provided verification information by May 23, 2007.[2]

The Stipulation was adopted in an order entered by the Bureau's Administrative Law Judge (ALJ), and it was affirmed by the Chief ALJ in a final administrative action order declaring the matter to be "SETTLED AND ENDED." Reproduced Record (R.R.) at 3a; May 10, 2007 order. Eckart failed to submit any information by May 23, 2007, and the March 7 denial notice stood.

The CGH appealed the denial notice on December 21, 2007. On March 14, 2008, the Bureau mailed a Rule to Show Cause, prompting the CGH to explain why its appeal should not be dismissed as untimely filed. One week later, the CGH responded that the appeal was untimely filed because Stone "did not have a representative to act on her behalf" and that when the notice was issued Stone "could not appeal the denial because she suffers from dementia and is not able to take care of her financial affairs." Supplemental Certified Record, March 21, 2008 CGH Response. On March 26 the Bureau dismissed the appeal, and DPW upheld the Bureau's order and adopted its reasoning as follows:

> A review of appeal [on March 22, 2007] revealed that at the time the March 7, 2007, notice was issued the Appellant was being represented by her daughter, Edith Eckart and her granddaughter, Mary Gross. In fact, the original appeal which was filed timely was filed by Edith Eckart. According to the regula-

---

1. The Medical Assistance benefits are provided under the General Assistance provisions of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §§ 101–1503. The regulation at 55 Pa.Code § 275.3(b) governs the time for filing appeals and it provides:

   > (b) Time limitations on right to appeal. An applicant or recipient must exercise his right of appeal within the following time limits. Appeals which do not meet the following time limitations will be dismissed without a hearing:
   > (1) Thirty days from the date of written notice of a decision or action by a County Assistance Office, administering agency or service provider except for food stamps which time limits are indicated in paragraph (4).

2. The Stipulation states that Eckart will provide the following information:

   > a) verification of the closure of 12 accounts at Waypoint Bank and subsequent disposal of assets; b) status of trust estate property, to include address, deed and any sale; c) information regarding deposits into Waypoint/Sovereign Bank checking account on 8–21–03 and 10–20–03; d) information regarding deposits into Waypoint/Sovereign savings account on 10–15–03, 2–20–04 and 4–2–04.

   R.R. at 3a, Bureau's May 9, 2007 Adjudication.

tions at 55 Pa.Code § 275.3(b), non Food Stamp appeals must be filed within 30 days of the Department/provider notice.... In the instant case, the appeal filed ... on December 21, 2007, was not filed in a timely manner. The [Bureau] has no further jurisdiction according to the regulations at [55 Pa.Code § 275.4(h)(3)(iv)] and the appeal will be dismissed as *Res Judicata* and untimely filed.

R.R. at 7a, Bureau's March 26, 2008 Adjudication.[3]

The CGH contends that Eckart and Gross abandoned their obligations under the Stipulation to provide the outstanding verifications to the CAO to qualify Stone for MA benefits. The CGH asserts that this abandonment effectively left Stone without representation to appeal the denial of MA benefits. Stone's lack of a representative resulted in her being deprived of a fair hearing and denial of due process. Also, the CGH filed a guardianship petition with the Cumberland County Orphans' Court on May 12, 2008; the court appointed Good News Consulting, Inc. as Stone's guardian on June 16, 2008; and Stone lacked a representative until that date. Under 55 Pa.Code § 275.3 and *Clark v. Department of Public Welfare*, 58 Pa.Cmwlth. 142, 427 A.2d 712 (1981), due process includes the right of representation.

The CGH claims that the CAO should have known that Stone was not being effectively represented by Eckart and Gross given their lack of cooperation and that under these circumstances the CAO should have obtained a representative for Stone.

The regulation at 55 Pa.Code § 163.3(a)(2)(i) provides as follows:

The County Office will decide, in determining initial or continued eligibility of a client, whether or not he is mentally capable of carrying out the responsibilities related to eligibility for assistance. If the County Office decides the client is mentally incapable of carrying out eligibility responsibilities, the County Office will request a guardian or trustee for the client....

DPW counters that the CGH filed its appeal 259 days after the appeal deadline. In *H.D. v. Department of Public Welfare*, 751 A.2d 1216 (Pa.Cmwlth.2000), the Court explained that failure to timely appeal an administrative agency's action constitutes a jurisdictional defect and that the time for filing an appeal may not be extended as a matter of grace or mere indulgence. DPW notes that under 55 Pa.Code § 275.2, a request for a hearing is an expression by "the client or the person acting for him" and that under *Chichester Kinderschool v. Department of Public Welfare*, 862 A.2d 119 (Pa.Cmwlth.2004), appeals and hearings are authorized only for public assistance applicants or their authorized representatives. DPW recounts the involvement of Eckart and Gross and submits that their failure to provide information does not establish abandonment or a deprivation of due process. Additionally, the CGH could have sought Eckart's authorization to allow the CGH to appeal, could have asked the court to compel Eckart's compliance with the Stipulation, could have petitioned the court sooner to appoint a guardian or could have filed a dispute notice over the Stipulation.[4]

---

**3.** The Court's review is limited to determining whether constitutional rights were violated, errors of law were committed, whether DPW's order is supported by substantial evidence and whether a practice or procedure of DPW was not followed. 2 Pa.C.S. § 704;

*Gilroy v. Department of Public Welfare*, 946 A.2d 194 (Pa.Cmwlth.2008).

**4.** DPW asserts that 55 Pa.Code § 163 is an outdated regulation inapplicable to public nursing home cases—the relevant regulation

DPW refutes the assertion that Stone was incapacitated as of March 7, 2007 because the incapacity determination was made in June 2008. Pursuant to *In re Hyman*, 811 A.2d 605 (Pa.Super.2002), a person is presumed to be mentally competent until he/she is adjudicated otherwise. Also, Dr. William S. Kauffman's January 21, 2008 letter submitted by the CGH does not establish Stone's incapacity as the doctor merely stated that he had known Stone for many years but failed to say if and when he evaluated Stone's mental capacity or to address her mental state between March 7 and May 23, 2007 when Eckart and Gross handled the appeal.

In the event that the CGH seeks to appeal *nunc pro tunc*, DPW argues that there has been no administrative breakdown in this case, no evidence of non-negligent circumstances related to Stone, her counsel or any third party and no evidence that she was prejudiced or misled by the CAO. Citing *Day v. Civil Service Commission of Borough of Carlisle*, 593 Pa. 448, 931 A.2d 646 (2007) (holding that an appeal under the Sunshine Act was untimely because it was filed after the prescribed 30–day period), DPW argues that the timeliness of an appeal is a question of law and that the CGH's appeal filed 259 days late is untimely.

DPW correctly asserts that this case has elements necessary to satisfy the collateral estoppel doctrine pursuant to

*Shaffer v. Smith,* 543 Pa. 526, 673 A.2d 872 (1996).[5] The CGH appeals the same March 7, 2007 denial notice that Eckart appealed; the Chief ALJ adjudicated Eckart's appeal as settled and ended; Stone and the CGH were in privity because they have an identical interest in obtaining MA benefits; the basis for both appeals is identical in that they stem from Eckart's failure to provide necessary information to the CAO; and Eckart had a full and fair opportunity to litigate her claim and voluntarily entered into the Stipulation. DPW submits that a consent decree has a *res judicata* effect, "binding the parties with the same force and effect as a final decree rendered after a full hearing upon the merits" under *Pennsylvania Human Relations Commission v. Ammon K. Graybill, Jr., Inc., Real Estate,* 482 Pa. 143, 148, 393 A.2d 420, 422 (1978).

Upon review the Court concludes that the Secretary of DPW did not err in determining that the CGH's appeal was untimely and therefore properly dismissed pursuant to 55 Pa.Code § 275.3(b). The CGH does not dispute that its appeal was filed untimely; nonetheless, it claims an inequity in the dismissal of its appeal because Stone lacked a representative that could act in her best interests. The CGH's claim in this regard lacks merit because the record clearly establishes that Eckart was Stone's duly authorized agent

---

is 55 Pa.Code § 125.84 (MA application procedures); the responsibility of interviewing applicants in the field to assess eligibility no longer belongs to the CAO but to the local county Area Agency on Aging; and the "County Institution District" referenced in it no longer exists. Also, 55 Pa.Code § 163 conflicts with Sections 5512.1(a)(3) and 5502 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. §§ 5512.1(a)(3) and 5502, requiring, respectively, a court's finding that guardianship is necessary given the existence of a durable power of attorney and providing that

guardianship is appropriate when it is the least restrictive alternative.

5. Under *Shaffer* collateral estoppel is shown if the issue in the prior action was identical with the one in the later action; if there was a final judgment on the merits; if the party against whom the plea is asserted was a party or in privity with a party to the prior action; and if the party against whom the plea is asserted had a full and fair opportunity to litigate the issue in a prior action.

who timely appealed the March 2007 denial notice and entered into the Stipulation as Stone's representative. *See* R.R. at 42a–46a (durable power of attorney agreement).

The CGH cites no authority for its attempt to invalidate Eckart's status as Stone's representative and for requiring the CAO to appoint a guardian solely because Eckart failed to comply with the terms of the Stipulation. Moreover, the record is insufficient to establish Stone's incapacity for the relevant period from March 7 to May 23, 2007 when the appeal was handled by Eckart and Gross. In this connection, the June 2008 adjudication of Stone's incapacity and the January 2008 letter from Dr. Kauffman are irrelevant. Therefore, based on this record and settled case law, the Court must affirm the Secretary's final order.

### ORDER

AND NOW, this 23rd day of March, 2009, the Court affirms the final order of the Secretary of the Department of Public Welfare.