# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kids Learn and Grow, LLC,   :
                 Petitioner   :
                   :
                   :  No. 1209 C.D. 2023
      v.   :
                   :  Submitted:  October 8, 2024
Department of Human Services,   :
                 Respondent   :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                 **FILED:  November 12, 2024**

        Kids Learn and Grow, LLC (Petitioner) has petitioned this Court to review an order entered on September 28, 2023, by the Department of Human Services (DHS), Bureau of Hearings and Appeals (BHA), which denied as untimely Petitioner's appeal of the Office of Child Development and Early Learning's (OCDEL) refusal to renew Petitioner's certificate of compliance (license to operate). Upon review of the record, we discern no non-negligent circumstances that would excuse Petitioner's untimely appeal and, therefore, affirm.

# I. BACKGROUND[1]

Petitioner is a childcare center in Harrisburg, Pennsylvania. On January 25, 2023, OCDEL mailed Petitioner a notice refusing to renew its license to operate as a childcare center after finding Petitioner in violation of a settlement agreement with DHS. The notice informed Petitioner of its right to appeal the decision within 30 days.

On February 21, 2023, Petitioner's counsel composed an appeal letter (first letter). The next day, on February 22, 2023, counsel composed a second appeal letter (second letter). Counsel mailed this second letter to OCDEL but did not properly address its mailing envelope, omitting the city, state, and zip code. The United States Postal Service (USPS) did not return this second letter as undeliverable and postmarked the envelope on February 22, 2023. On February 24, 2023, Petitioner's appeal period expired, and USPS had not yet delivered the second letter.

On March 1, 2023, OCDEL completed an onsite monitoring inspection at the childcare center and verbally notified Petitioner that it had not received Petitioner's appeal. On that same day, Petitioner's counsel faxed a copy of the first letter to OCDEL (faxed appeal). On May 1, 2023, OCDEL received the second letter (mailed appeal).

Following a hearing, BHA dismissed Petitioner's appeal as untimely and found insufficient grounds to proceed *nunc pro tunc*. Petitioner was denied reconsideration and, thereafter, timely petitioned this Court for further review.

---

[1] We derive this background from the findings of the Administrative Law Judge (ALJ), which are supported by substantial evidence of record. *See* ALJ's Recommendation & Adjudication, 07/28/2023.

## II. ISSUE

Petitioner presents two issues for our review. First, Petitioner asserts that its appeal was timely filed. *See* Pet'r's Br. at 4, 9. Second, and in the alternative, Petitioner asserts that it is entitled to *nunc pro tunc* relief. *See id.*

## III. DISCUSSION[2]

### A. Timeliness of Appeal

Initially, Petitioner asserts that it timely filed an appeal. It offers two arguments in support of this assertion. First, according to Petitioner, its appeal period should have begun on January 30, 2023, when Petitioner received OCDEL's notice. *See* Pet'r's Br. at 10. Thus, Petitioner concludes, its faxed appeal on March 1, 2023, was timely. *See id.* at 11. Petitioner also suggests that this Court should afford Petitioner the benefit of the mailbox rule. *See id.* at 11-13. Petitioner concedes that there is no relevant legal support for its claim, yet argues that it is a matter of fairness because the rule essentially applies to OCDEL's notice. *See id.* Therefore, Petitioner reasons, regardless of when its appeal period started, its mailed appeal should be deemed timely filed as of February 22, 2023. *See id.* These claims are without merit.

It is well settled that failure to timely appeal an administrative agency's action constitutes a jurisdictional defect. *Church of God Home, Inc., v. Dep't of Pub. Welfare*, 977 A.2d 591, 593 (Pa. Cmwlth. 2009). "Consequently, an extension of time to file an appeal cannot be granted as a matter of grace or mere indulgence." *R.H. v. Dep't of Hum. Servs.*, 205 A.3d 410, 416 (Pa. Cmwlth. 2019).

---

[2] On appeal from a BHA order, our review "is limited to determining whether the adjudication is supported by substantial evidence, whether the decision is in accordance with the applicable law, or whether constitutional rights were violated." *G.A.L. v. Dep't of Hum. Servs.*, 189 A.3d 497, 499 n.5 (Pa. Cmwlth. 2018) (quoting *Cambria Cnty. Home & Hosp. v. Dep't of Pub. Welfare*, 907 A.2d 661, 667 (Pa. Cmwlth. 2006)).

A legal entity may appeal a DHS decision not to renew the entity's operating license by written request filed within 30 days after service of notice of the decision. 55 Pa. Code §§ 20.4, 20.81, 20.82. The *date of service* shall be the day when the decision is deposited in the United States Mail. 1 Pa. Code §§ 31.13, 33.34. A timely appeal is required, and a legal entity's *date of appeal* is the date of receipt at the agency office, not the date of mailing. 1 Pa. Code § 31.11.

*1. Petitioner's faxed appeal was untimely*[3]

In this case, OCDEL notified Petitioner of its decision on January 25, 2023. Certified Record (C.R.), Ex. C-1 (Nonrenewal Letter, 1/25/23); *see also* Notes of Testimony (N.T.) Hr'g, 6/5/23, at 23, 29 (testimony from OCDEL that is Nonrenewal Letter was mailed on January 25, 2023). Thus, Petitioner had to appeal by February 24, 2023. OCDEL did not receive the faxed appeal until March 1, 2023. C.R., Ex. C-2 (Faxed Appeal Letter (time-stamped, 3/1/23)). Therefore, Petitioner's faxed appeal was five days late. *See* 1 Pa. Code § 31.11.

Petitioner's suggestion that we toll its appeal period until Petitioner received OCDEL's decision is not persuasive. Petitioner was clearly on notice that its date of appeal would be the date of receipt. *See* Nonrenewal Letter at 1 (unpaginated) ("[A]n appeal must be received within thirty (30) days of the mailing date of this letter . . . ."). Further, while Petitioner poses several "hypothetical situations" in which notice of the decision may have been delayed, thus limiting its opportunity to timely appeal, Petitioner offers no evidence to support its argument. *See* Pet'r's Br. at 12 (conceding a lack of "facts"). Finally, Petitioner offers no legal

---

[3] The General Rules of Administrative Practice and Procedure, Title 1 of the Pennsylvania Code, Part II, Chapters 31-35, are applicable unless the agency has adopted alternate procedures. *KC Equities v. Dep't of Pub. Welfare*, 95 A.3d 918, 932 (Pa. Cmwlth. 2014).

support for this position, *see* Pet'r's Br. at 10-13, and it is clearly contrary to the procedures adopted by DHS. *See* 1 Pa. Code §§ 31.13, 33.34.

## 2. *The mailbox rule is inapplicable*

Petitioner's invocation of the mailbox rule is similarly flawed, as it is factually and legally deficient. In its traditional formulation, the mailbox rule raises an evidentiary presumption that "a properly addressed, prepaid letter [deposited in the post office] . . . reached its destination by due course of mail." *Harasty v. Pub. Sch. Emps.' Ret. Bd.*, 945 A.2d 783, 787 (Pa. Cmwlth. 2008) (quoting *In re Cameron's Est.*, 130 A.2d 173, 177 (Pa. 1957)); *see also, e.g.*, *Berkowitz v. Mayflower Secs., Inc.*, 317 A.2d 584, 585 (Pa. 1974) (rejecting an assertion by the plaintiff that he had never received a stock purchase confirmation notice because there was adequate evidence of mailing).

Here, Petitioner omitted the city, state, and zip code from the mailing envelope. C.R. Ex. 4 (Mailed Appeal Envelope). Thus, Petitioner did not properly address its mailed appeal and, therefore, may not rely on the mailbox rule. *See Harasty*, 945 A.2d at 787.

Further, the traditional formulation of the rule does not establish the *timeliness* of mailing, only a presumption that a properly mailed letter will reach its intended recipient. *See id.* In contrast, under the *prisoner* mailbox rule, a prisoner's *pro se* appeal or other legal document is deemed filed when given to prison officials or deposited in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014). The procedural hurdles faced by prisoner litigants are simply not relevant to Petitioner in this case.

## B. *Nunc Pro Tunc* Relief

Alternatively, Petitioner asserts that it is entitled to *nunc pro tunc* relief. *See* Pet'r's Br. at 13-19. According to Petitioner, the mere omission of a proper mailing address on the envelope containing Petitioner's mailed appeal does not rise to the level of negligence.[4] *See* Pet'r's Br. at 15.

An appeal *nunc pro tunc* may proceed only if the appellant can demonstrate that the delay in filing the appeal resulted from extraordinary circumstances, such as fraud, a breakdown in the administrative process, or non-negligent circumstances involving the appellant, his counsel, or a third party. *H.D. v. Pa. Dep't of Pub. Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000). An appellant must also establish that "(1) the appeal was filed within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed time period is of very short duration; and (3) the appellee will not be prejudiced by the delay." *Id.*

When non-negligent circumstances occur, an untimely appeal may proceed *nunc pro tunc* "only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001). Thus, *nunc pro tunc* relief will not be granted when delays are caused by negligence or neglect. *Compare Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1132 (Pa. 1996) (granting *nunc pro tunc* relief when appellant was suddenly hospitalized), *with Criss*, 781 A.2d at 1160 (denying *nunc*

---

[4] Petitioner did not assert any failure or breakdown in the USPS system that would cause a delay in the mailing of Petitioner's appeal before the ALJ, and so that argument cannot be considered before this Court. *See* ALJ's Recommendation and Adjudication, 07/28/2023.

*pro tunc* relief because "delays in the United States mail are both foreseeable and avoidable," and do not constitute a non-negligent circumstance).

Upon consideration, we discern no non-negligent circumstances that would permit *nunc pro tunc* relief. Petitioner suggests that "human error . . . does not equate to a level [of] appellate-depriving negligence." *See* Pet'r's Br. at 15. We disagree. Petitioner's failure to properly address its mailed appeal was an avoidable circumstance and clearly negligent. As such, Petitioner's untimely appeal cannot proceed *nunc pro tunc*.[5] *See Criss*, 781 A.2d at 1160.

## IV. CONCLUSION

Petitioner did not timely file either its faxed appeal or its mailed appeal. Therefore, BHA lacked jurisdiction to consider it. *Church of God Home*, 977 A.2d at 593. Additionally, its arguments to extend the appeal period are not persuasive. *See R.H.*, 205 A.3d at 416. Finally, Petitioner has failed to identify non-negligent circumstances that would warrant *nunc pro tunc* relief. *See Criss*, 781 A.2d at 1160; *H.D.*, 751 A.2d at 1219.

For these reasons, we affirm.

_____
**LORI A. DUMAS, Judge**

---

[5] Because Petitioner failed to establish non-negligent circumstances contributing to its untimely appeal, we need not consider whether DHS suffered prejudice from the delay. *See* Pet'r's Br. at 18-19.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kids Learn and Grow, LLC, :
     Petitioner :
          :  No. 1209 C.D. 2023
     v. :
          :
Department of Human Services, :
     Respondent :

## **O R D E R**

AND NOW, this 12th day of November, 2024, the order entered by the Department of Human Services, Bureau of Hearings and Appeals, on September 28, 2023, is AFFIRMED.

             _____
             **LORI A. DUMAS, Judge**