IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Dougherty by : 
Sayre Health Care Center, : 
           : 
                   Petitioner : 
           : 
                 v. : No. 30 C.D. 2017
           : Submitted: September 15, 2017
Department of Human Services, : 
           : 
                 Respondent : 


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED: February 15, 2018


         Robert Dougherty (Dougherty) by Sayre Health Care Center (Sayre) petitions for review of the December 8, 2016 final order of the Department of Human Services (Department), Bureau of Hearings and Appeals (BHA). The order affirmed the decision of an administrative law judge (ALJ) dismissing Dougherty's appeal from a determination by the Bradford County Assistance Office (CAO) as untimely. We affirm.

         The relevant facts are not disputed. In February 2015, Dougherty was admitted to Sayre, a long-term care facility. In May 2015, Dougherty's son, who was also his power-of-attorney, submitted an application for long-term living Medical Assistance (MA) benefits. In June 2015, the CAO issued letters to

Dougherty, his son, and Sayre, advising them that the application was incomplete and requesting additional information to establish Dougherty's financial eligibility for benefits. A Sayre representative contacted Dougherty's son, who confirmed that he provided the information to the CAO. Contrary to his assurances, however, the son had not given the CAO the requested documentation. As a result, on July 8, 2015, the CAO issued a notice to Dougherty, his son, and Sayre finding Dougherty ineligible for MA, and, specifically, for payment of long-term care (LTC) services, because the requested financial information was not submitted. No appeal was taken from the July 2015 Notice.

Sayre eventually learned that Dougherty's son was misappropriating Dougherty's funds. On March 11, 2016, Sayre obtained a court order directing the son to provide financial documents, and Sayre filed a new application for MA services on Dougherty's behalf on March 14, 2016. By notice dated April 11, 2016, the CAO approved the application and determined that Dougherty was eligible for LTC benefits retroactively to December 1, 2015. *See* 55 Pa. Code §181.12(a) (providing that the earliest possible date for retroactive MA benefits to begin is the first day of the third month preceding the month of application).

Sayre appealed that determination on May 9, 2016, asserting that Dougherty's eligibility for LTC benefits should be determined retroactively to May 2015, because the denial of the initial application for benefits was due solely to the misconduct of his son. In a post-hearing brief, Sayre argued that the appeal should be considered a *nunc pro tunc* appeal of the July 8, 2015 denial notice. Sayre asserted that because the appeal stated that Dougherty was seeking to have the benefits retroactively applied, he had impliedly requested a *nunc pro tunc* appeal of the prior determination.

2

In a September 6, 2016 adjudication, the ALJ rejected that argument and concluded that the appeal only concerned the notice of April 11, 2016, which addressed Dougherty's second (March 14, 2016) application. The ALJ observed that under 67 Pa. C.S. §1102,[1] a request for a hearing before the BHA must be filed

[1] Section 20.1 of the Act of December 3, 2002, P.L. 147 (Act 142-2002), amended Title 67 (Public Welfare) of the Pennsylvania Consolidated Statutes by establishing the procedures to be followed in hearings before the BHA on MA program appeals. Those amendments are codified at 67 Pa.C.S. §§1101-1106.

In relevant part, the provisions at 67 Pa. C.S. §1102 state as follows:

> **(a) General rule**.-A provider that is aggrieved by a decision of the department regarding the program may request a hearing before the bureau in accordance with this chapter.
>
> **(b) Filing**:
>
> (1) Except as provided in paragraph (2), a provider must file a request for a hearing with the bureau in accordance with all of the following:
>
> (i) The request must be in writing.
>
> (ii) The request must be filed with the bureau:
>
> (A) within 30 days of the date of the notice of the departmental action; or
>
> (B) if notice was given by mail, within 33 days of the date of the notice of the departmental action.
>
> (iii) If the request was filed by first-class mail, the United States postmark appearing upon the envelope in which the request was mailed shall be considered the filing date. The filing date of a request filed in any other manner or bearing a postmark other than a United States postmark shall be the date on which the request is received in the bureau.
>
> (2) Paragraph (1) does not apply in the following cases:
>
> (i) In a nunc pro tunc hearing under subsection (c).
>
> (ii) To the extent set forth in the standing order of the bureau issued under subsection (g).

(iii) To the extent modified by regulations promulgated under section 1106 (relating to regulations).

**(c) Hearings nunc pro tunc**-The bureau, upon written request and for good cause shown, may grant leave for the filing of requests for hearing nunc pro tunc pursuant to the common law standards applicable in analogous cases in courts of original jurisdiction.

**(d) Amendment**.-A request for a hearing may be amended as of right within 90 days after the date of filing of the request.

**(e) Adjudication**.-

(1)The bureau shall hold hearings and conduct adjudications regarding timely filed requests for hearing in accordance with 2 Pa.C.S. Ch. 5 Subch. A (relating to practice and procedure of Commonwealth agencies).

(2) Notwithstanding paragraph (1), in holding hearings and conducting adjudications, the bureau shall do all of the following:

(i) Act independently of employees or public officials of the department whose actions are subject to review before the bureau.

(ii) Not engage in ex parte communications concerning a hearing with any party to the hearing.

(iii) Promptly adjudicate timely filed requests for hearing.

(iv) Establish deadlines for interim and final actions by the bureau and parties to any proceeding before the bureau.

(v) Allow reasonable and necessary discovery in the form of interrogatories, requests for the production of documents, expert reports, requests for admissions and depositions of witnesses and designees of parties, subject to case management plans and limitations as necessary to facilitate the prompt and efficient issuance of adjudications.

(vi) Consider and, when appropriate, grant applications by affected parties to consolidate hearings involving substantially similar or materially related issues of law or fact.

(vii) Conduct de novo review of all factual and legal issues raised by a provider in the request for hearing based upon evidence presented to the bureau.

67 Pa. C.S. §1102.

4

within 30 days of the decision appealed from. The ALJ denied the appeal, and the BHA affirmed by final order dated September 9, 2016. No further appeal was taken.

Thereafter, on September 13, 2016, Sayre filed a motion on Dougherty's behalf with the BHA, seeking permission to appeal the July 8, 2015 denial of benefits *nunc pro tunc* and asserting that fraud committed by Dougherty's son was a valid reason for granting *nunc pro tunc* relief. Reproduced Record (R.R.) at 3a-7a. An ALJ held a hearing on November 18, 2016.

Lynn Evans, a CAO income maintenance caseworker, testified that the CAO received Dougherty's initial application on June 4, 2015. She said that although requests for verification of Dougherty's financial information were sent to Dougherty, his son, and Sayre, nothing was received by the due date, and the application was rejected on July 7, 2015. Evans stated that no appeal was filed, and no one called the CAO. Evans testified that Dougherty's son contacted the CAO on November 24, 2015, asking what information was still needed, and a second application was received on March 14, 2016. Evans explained that the second application was approved on April 11, 2016, retroactively to December 1, 2015, in accordance with 55 Pa. Code §181.12(a). She noted that Dougherty filed an appeal from that April 11, 2016 eligibility determination and a hearing had been held, but the CAO did not receive the appeal from the July 2015 notice until September 13, 2016.

Debbie Scrivener, Sayre's business manager, testified that while Dougherty's initial application was pending, she repeatedly contacted Dougherty's son asking for the documentation needed to establish Dougherty's financial eligibility. She said that she relied on his representations that he had sent the information to the CAO and that by the time she realized that he was not being

5

truthful the time for filing an appeal had expired. Scrivener explained that Dougherty's son was misappropriating Dougherty's funds,[2] and Sayre did not receive the financial documentation from Dougherty's son until a March 11, 2016 court order directed him to provide it. Scrivener testified that Sayre worked with Dougherty's son to file a new application on March 14, 2016.

By order dated December 8, 2016, the ALJ dismissed the motion for *nunc pro tunc* relief. The ALJ acknowledged that if Dougherty's son had provided the requested information with the initial application in June 2015, Dougherty would have been eligible for payment of LTC services. However, the ALJ concluded that Dougherty and his representatives had the information necessary to file an appeal from the first decision in March 2016, and nothing prevented them from filing an appeal instead of, or along with, the second application for benefits. The BHA affirmed the ALJ's order.

On appeal to this Court,[3] Dougherty first argues that the BHA erred by failing to treat the May 9, 2016 appeal and the September 13, 2016 motion as a timely *nunc pro tunc* appeal of the July 8, 2015 determination. Dougherty further asserts that the ALJ abused his discretion in denying the request for *nunc pro tunc* relief because the denial of the initial application was the result of fraud, the issue was raised at a hearing within 45 days of discovering the fraudulent conduct, and the Department would not be prejudiced by any delay.

---

[2] December 8, 2016 Adjudication, Finding of Fact No. 16.

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether findings of fact are supported by substantial evidence. *The Manor at St. Luke Village v. Department of Public Welfare*, 72 A.3d 308, 312 n.4 (Pa. Cmwlth. 2013).

The Department responds that the failure to timely appeal an administrative agency's action is a jurisdictional defect. *Falcon Oil Co. v. Environmental Resources*, 609 A.2d 876 (Pa. Cmwlth. 1992). Nevertheless, the Department recognizes that it may permit an appeal *nunc pro tunc* where a delay in filing an appeal is caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the appellant, his counsel, or a third party. *H.D. v. Department of Public Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000). The appellant must also establish that (1) the appeal was filed shortly after learning of and having an opportunity to address the untimeliness; (2) the untimeliness is of a short duration; and (3) the appellee will not be prejudiced by the delay. *Id.*

Sayre contends that the deliberate misrepresentations by Dougherty's son establish the requisite extraordinary circumstances warranting *nunc pro tunc* relief. However, the Department argues that once Sayre learned that the basis of the denial was a lack of financial information, Sayre knew or should have known that the information had not been submitted to the CAO and did not act to protect its interest. Citing the regulation at 55 Pa. Code §275.4(e)(3) (relating to postponement or continuation of a hearing), the Department explains that Sayre's inability to obtain information from Dougherty's son did not prevent Sayre from filing a timely appeal or limit its ability to prepare for an appeal hearing.[4] According to the Department, Sayre could have filed a timely appeal by August 7, 2015, but simply failed to do so.

---

[4] The regulation states that an appellant "who wishes to postpone the hearing shall contact the hearing officer and provide a reason for the request. The hearing officer may approve the request for postponement or continuation of the hearing. The hearing will be rescheduled as soon as possible." 55 Pa. Code §275.4(e)(3).

7

We agree that the misconduct of Dougherty's son does not establish a basis for *nunc pro tunc* relief.

The Department also notes that by March 2016, Sayre admittedly was aware of the alleged fraud by Dougherty's son. Sayre does not argue that it was precluded from appealing the June 2015 notice at that time or otherwise explain its failure to do so. Although Sayre maintains that its second application, filed in March 2016, should have been considered a request to appeal the initial denial notice *nunc pro tunc*, that argument was rejected by the ALJ, and Sayre did not appeal the BHA's September 9, 2016 final order to this Court. As a consequence, Sayre's arguments related to its March 2016 application are waived. Pa. R.A.P. 1551(a).

We conclude that Sayre failed to establish that its delay in filing an appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances, or that its appeal was filed shortly after learning of and having an opportunity to address the untimeliness. *H.D.*, 751 A.2d at 1219. Therefore, the BHA did not err in denying Sayre's September 13, 2016 request for *nunc pro tunc* relief.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Dougherty by                         :
Sayre Health Care Center,                   :
                                            :
                        Petitioner          :
                                            :
            v.                              :    No. 30 C.D. 2017
                                            :
Department of Human Services,               :
                                            :
                        Respondent          :

# O R D E R

AND NOW, this 15th day of February, 2018, the December 8, 2016 Final Administrative Action Order of the Department of Human Services, Bureau of Hearings and Appeals is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge