# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

L. C.,                                    :
             Petitioner         :
                              :
          v.                          :    No. 1282 C.D. 2018
                              :    SUBMITTED: September 10, 2019
Department of Human Services,             :
             Respondent        :    **<u>CASE SEALED</u>**


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**<u>OPINION NOT REPORTED</u>**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED: October 2, 2019**


      L.C. (Mother) petitions for review *nunc pro tunc* of the Department of Human Services' (Department) denial of her request for expunction of the Lehigh County Children and Youth's (Agency) indicated report naming her as a perpetrator of child abuse with the ChildLine and Abuse Registry (ChildLine Registry) under the Child Protective Services Law (the Law), 23 Pa.C.S. § 6301-6386. Because Mother's petition was untimely and she is not eligible for relief *nunc pro tunc*, the petition is denied and the matter is quashed.

      Because we dispose of this matter on jurisdictional grounds, only a brief summary of the facts as found by the Administrative Law Judge (ALJ) and adopted by the Department is necessary. In May 2017, Mother's then eight-year-old son (Child) was caught stealing money from other children at school. Mother instructed Child to hold out his hands. Mother then held over Child's hands a spoon heated in a gas stove burner and told him to "feel the burn." Child jerked his left hand, which

knocked the spoon out of Mother's grasp. The heated bowl of the spoon touched both of Child's hands resulting in permanent scars visible at the expunction hearing nearly a year later.

Agency received a report of suspected child abuse. An investigating caseworker from Agency interviewed Child who recounted the incident. The investigating caseworker also spoke with Mother. Agency filed an indicated report of child abuse with the ChildLine Registry.

In August 2017, Mother requested expunction. Department denied her request and Mother appealed. A hearing was held in April 2018 before the ALJ. Child, the investigating caseworker, and Mother, appearing *pro se*, testified at the hearing. Mother acknowledged holding the hot spoon near Child's hand but denied heating it in an open flame, stating that the spoon was in a pot containing water and food which was heated but not boiling and that she had removed the spoon from the heated water a minute before she confronted Child.

The ALJ credited the testimony of Child and the investigating caseworker and did not credit Mother's testimony. The ALJ recommended denial of the appeal and the Department adopted his report in its entirety by final order dated July 23, 2018. The final order instructed Mother that she had thirty days to file an appeal with this Court from the date of the order. Thirty days from the final order was August 22, 2018.

Mother, still proceeding *pro se* because of difficulty finding a lawyer, allegedly contacted personnel of this Court whom Mother alleges miscounted thirty days from the Department's final order and told her that she had until August 23, 2018 (thirty-one days after the Department's final order) to file an appeal. Mother faxed to the Court a letter with a transmission date and time of August 23, 2018 at

20:09 (10:09 p.m.) appealing the Department's order, which was date-stamped by the Court on August 24, 2018 at 9:37 a.m. The Court's records indicated that the pro se letter was received on August 24, 2018.

On August 24, 2018, the Court sent Mother a letter directing her to perfect her appeal. Thereafter, Mother's counsel filed a petition for review *nunc pro tunc*. On October 9, 2018, the Court issued an order directing the parties to address the timeliness issue in their principal briefs on the merits.

On appeal, Mother advances several arguments as to why there is not substantial evidence supporting the indicated report. However, as the timeliness of Mother's appeal is disputed, the Court will need to address as a threshold issue whether Mother should be allowed review *nunc pro tunc*.

An appeal *nunc pro tunc* may be allowed where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the petitioner, his or her counsel, or a third party. *H.D. v. Pa. Dep't of Pub. Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000).

The final order sent to Mother by the Department was dated July 23, 2018 and stated "[t]he appropriate party(ies), where permitted, may take issue with this Adjudication, and Order, and may appeal to the Commonwealth Court of Pennsylvania within thirty (30) days from the date of this order." (Order, Mother's Br. at 38). Thus, Mother had all the information necessary to ascertain the correct date by which she needed to file. Further, Mother's contention that Court personnel misled her is an allegation for which there is at this point no evidence of record, let alone factual findings. However, we need not order a hearing to determine the credibility of her account because Mother's appeal was not received on August 23,

3

2019, but the following day. Thus, even if Mother's account were credited, she did not comply with the instructions she attributes to Court staff.

Moreover, even if we were to allow the appeal to go forward, Mother could not prevail. Child abuse is defined by the Law, in pertinent part, as follows: "intentionally, knowingly or recklessly doing any of the following . . . (1) [c]ausing bodily injury through any recent act or failure to act; . . . (5) [c]reating a reasonable likelihood of bodily injury to a child through any act or failure to act; . . . [or] (8) [e]ngaging in any of the following recent acts: (i) . . . burning . . . a child in a manner that endangers a child." 23 Pa.C.S. § 6303(b.1)(1), (5), and (8)(i). The Law defines "bodily injury," as follows: "[i]mpairment of a physical condition or substantial pain." 23 Pa.C.S. § 6303(a).

It should be noted that the Law does not require intent. Further, when evaluating an allegation of child abuse in the context of corporal punishment by a parent, the factfinder must make a determination as to whether the force used was "reasonable force," 23 Pa.C.S. § 6304(d), and in doing so, must consider whether the parent was criminally negligent in that he disregarded a substantial and unjustifiable risk or deviated from a standard of care that a reasonable person would observe in his situation. *Allegheny Cty. Office of Children, Youth & Families v. Dep't of Human Servs.*, 202 A.3d 155, 167 (Pa. Cmwlth. 2019) (*Allegheny Cty.*). Here, the ALJ found that Mother's actions met the standard of criminal negligence in that her actions were a "gross deviation from the standard of care of a reasonable parent" and that this was "not a matter of disciplinary action by [Mother]; she intended to injure [Child]." (Adjudication, Mother's Br. at 47). He also found that, "[e]ven if [Mother] did not intend to burn both of the [Child's] hands, her actions were beyond reckless." (Adjudication, Mother's Br. at 46). The evidence satisfies

4

the clear and convincing standard. *Allegheny Cty.,* 202 A.3d at 168. Mother's actions in heating a spoon on a gas burner and holding it over Child's hands were clearly unreasonable. Mother's arguments are based on her version of the facts, which the ALJ discredited. The facts found by the ALJ, which are supported by the record, fully justify the conclusion of abuse under the Law.

For the reasons stated, Mother's petition for review *nunc pro tunc* is denied and the matter is quashed.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

L. C.,                              :
                    Petitioner     :
                                   :
          v.                       :     No. 1282 C.D. 2018
                                   :
Department of Human Services,      :
                    Respondent     :     **CASE SEALED**


# O R D E R


AND NOW, this 2nd day of October, 2019, the petition for review *nunc pro tunc* is DENIED and the matter is QUASHED.


_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge