IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| The Bluffs at Glade Path, L.P., | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Center Township Sanitary Authority | : | |
| | : | |
| | : | |
| | : | |
| The Bluffs at Glade Path, L.P., | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : No. 908 C.D. 2023 | |
| Center Township Water Authority | : Submitted: August 9, 2024 | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE STACY WALLACE, Judge
                  HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                           FILED: January 24, 2025

The Bluffs at Glade Path, L.P. (Developer) appeals from the July 19, 2023 order of the Court of Common Pleas of Beaver County (trial court) denying Developer's claims against the Center Township Sanitary Authority (CTSA) and the Center Township Water Authority (CTWA) related to its mixed-use development project in Center Township (the Project). Upon careful review, we remand this matter to the trial court for an evidentiary hearing on whether to allow the filing of

a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b)[1] (Rule 1925(b) Statement), *nunc pro tunc*.[2]

## I.     Background

At this juncture, we need not fully discuss the facts of this matter.  In essence, Developer believed it was entitled to reimbursement from CTSA and CTWA for expenses and fees it incurred when developing the Project.  *See* Reproduced Record (R.R.) at 1a-11a; Supplemental Original Record (S.O.R.), Item No. 12.  As a result, Developer filed a Complaint in Mandamus, for Declaratory Relief and for Damages, against CTSA on September 23, 2019, and against CTWA on January 31, 2020.  *See id.*  By order dated January 5, 2021, the trial court consolidated Developer's complaints against CTSA and CTWA.  S.O.R., Item No. 24.

Thereafter, the trial court granted CTSA and CTWA partial summary judgment by order dated November 9, 2021.  *See* R.R. at 123a-24a.  To address the remaining issues, the parties filed additional motions for summary judgment and attached supporting expert reports.  *Id.* at 124a.  The trial court determined the parties' conflicting expert reports created disputed issues of material fact and denied the parties' second set of summary judgment motions.  *See* Original Record (O.R.), Item No. 57.  The trial court conducted a non-jury trial to resolve the outstanding factual disputes.  *See* Transcript of Testimony, 3/2/23 at 2, 5; Transcript of Testimony, 4/11/23 at 1, 4.  After receiving testimony from the parties' experts, the

---

[1]  "If the trial judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal . . . ."  Pa.R.A.P. 1925(b).

[2]  *Nunc pro tunc* is Latin for "now for then," and is defined as "[h]aving retroactive legal effect through a court's inherent power."  Black's Law Dictionary 1287 (11th ed. 2019).

trial court issued its July 19, 2023 order denying Developer's remaining claims. R.R. at 173a-74a.

Developer did not file a motion for post-trial relief. *See* O.R., Item No. 1 at 6. Instead, on August 17, 2023, Developer filed a notice of appeal from the trial court's July 19, 2023 order. R.R. at 268a. On August 23, 2023, the trial court entered an order requiring Developer to file a Rule 1925(b) Statement. *See* O.R., Item No. 75. The trial court docket shows a copy of this order "was placed in the [Beaver County Prothonotary (Prothonotary)] mailbox for [Developer's attorney]." R.R. at 276a. While the Prothonotary mailed Developer's attorney 3 other orders in this matter (dated 4/23/20, 9/27/22, and 12/16/22), the Prothonotary more regularly placed copies of the trial court's orders in Developer's attorney's Prothonotary mailbox, engaging in this practice 18 times between October 8, 2019, and July 20, 2023. *See id.* at 269a-76a. Developer's attorney did not object to receiving service in his Prothonotary mailbox. *Id.* In addition, Developer demonstrated receipt of orders which the Prothonotary placed in its attorney's Prothonotary mailbox by consistently meeting the deadlines and attending the hearings set forth in those orders. *Id.* Further, Developer demonstrated receipt of the trial court's July 19, 2023 order by filing a timely notice of appeal. *Id.* at 276a.

The Prothonotary's service of the trial court's August 23, 2023 order, requiring Developer to file a Rule 1925(b) Statement, was the 19th time the Prothonotary served Developer in its attorney's Prothonotary mailbox in this matter. *See* O.R., Item No. 1 at 6. Developer, however, did not respond to the trial court's August 23, 2023 order by filing a concise statement of errors complained of on appeal. *Id.* at 6-7. As a result, the trial court entered an order on October 12, 2023,

holding Developer waived all issues for appellate review pursuant to Rule 1925(b)(4)(vii).[3] *Id.* at 7.

In response to the trial court's October 12, 2023 order, Developer filed a Motion to Vacate (Motion) the trial court's August 23, 2023 order directing Developer to file a Rule 1925(b) Statement. *See* Second Supplemental Original Record (S.S.O.R.), docket entries.[4] In its Motion, Developer asserted it did not receive the trial court's August 23, 2023 order, nor did it have notice of the order's entry. *See* S.S.O.R., Motion at 3. Instead, Developer asserted it first became aware of the trial court's August 23, 2023 order when it received the trial court's October 12, 2023 order. *Id.* Developer attached an affidavit of its counsel's legal assistant to the Motion, stating Developer's counsel did not receive the trial court's August 23, 2023 order. *Id.*

On November 2, 2023, the trial court convened for a proceeding to address Developer's Motion. *See generally* S.S.O.R., Tr., 11/2/2023. At this proceeding, Developer was prepared to present the testimony of its counsel's legal assistant regarding Developer's counsel's lack of receipt of the trial court's August 23, 2023 order. *See id.* at 4, 8, 30. Before receiving any testimony, however, the trial court determined that Developer's pending appeal left it without jurisdiction to act on the Motion. *See id.* at 18-31. Ultimately, the trial court, stating it would "prefer . . . [to] defer a ruling on this with the Commonwealth Court making the decision based upon

---

[3] "Issues not included in the [Rule 1925(b)] Statement . . . are waived." Pa.R.A.P. 1925(b)(4)(viii).

[4] Because the trial court Prothonotary did not create item numbers or page numbers for the Second Supplemental Original Record, *see* Pa. R.A.P. 1931(c), we have identified each document in the Second Supplemental Original Record by its title.

4

the record that exists," did not accept testimony from the parties.[5] *Id.* at 28. Instead, the trial court ordered the Prothonotary to send the proceeding transcript and exhibits to this Court "leaving it to [our] discretion . . . for a remand to [the trial court] for any further findings that . . . may be needed." *Id.* at 31.

The trial court's written order denied the Motion, "based upon the [trial court's] findings and statements and the arguments of counsel, as well as the exhibits, heard / presented . . . which are all incorporated herein." *See* S.S.O.R., trial court order, 11/2/2023. Further, the trial court specified it made its decision "without prejudice to [Developer's] ability to raise the issue with the Commonwealth Court, with whom an appeal of this case is pending." *Id.*

Upon review of the trial court's original record, this Court issued an order on October 27, 2023, directing the parties to address in their briefs whether Developer failed to preserve any issues for appellate review by virtue of Developer's failure to file a motion for post-trial relief or a Rule 1925(b) Statement.

## II. Discussion

In Developer's brief, Developer argues it did not need to file post-trial motions because Developer is not challenging the trial court's final order of July 19, 2023, in

---

[5] Although the trial court did not accept testimony from the parties, the trial court put its own evidence into the record, including a "Prothonotary Physical Mailbox Agreement," which Developer's counsel signed to acknowledge that service to Developer's counsel through use of a mailbox in the Prothonotary's office was valid service under Pennsylvania Rule of Civil Procedure 236, Pa.R.Civ.P. 236. *See* S.S.O.R., Tr., 11/2/2023 at 11; *see also* S.S.O.R., Prothonotary Physical Mailbox Agreement. We note that the trial court questioned whether Developer's counsel's signature on the Prothonotary Physical Mailbox Agreement serves as a "waiver," that "trump[s]" the Developer's argument that the order was not placed in the mailbox. S.S.O.R., Tr., 11/2/2023 at 23. To be clear, Developer's counsel agreed to receive service via the Prothonotary's internal mailbox system; counsel did not waive service altogether. *Id.* at 23. Accordingly, the Agreement should not be construed as a waiver of service. Counsel simply cannot dispute the *means* of service, i.e., use of the physical mailbox in the Prothonotary's office.

this appeal, but is challenging the trial court's November 9, 2021 order granting partial summary judgment against Developer. *See* Developer's Br. at 17, 21-29.

"A notice of appeal filed from the entry of judgment will be viewed as drawing into question any prior non-final orders that produced the judgment." *K.H. v. J.R.*, 826 A.2d 863, 871 (Pa. 2003). In addition, "the [Pennsylvania] Rules of Civil Procedure do not contemplate the filing of post-trial motions to orders, or to proceedings that do not constitute a trial." *Id.* at 872 n.12 (citing Pa.R.Civ.P. 227.1). As a result, "it is unnecessary to include a prior order granting summary judgment in post-trial motions for purposes of issue preservation." *K.H.*, 826 A.2d at 872 n.12; *see also Olszewski v. Parry*, 283 A.3d 1257, 1261 (Pa. Super. 2022)[6] ("when the court grants a pretrial motion for summary judgment, but other claims go to trial, the party that lost the summary judgment motion is not required to file post-trial motions objecting to the summary judgment order").

With these principles in mind, we conclude Developer properly filed a notice of appeal from the trial court's July 19, 2023 final order, even though Developer was only seeking review of the trial court's November 9, 2021 order granting partial summary judgment. In addition, because Developer is only challenging the trial court's summary judgment order in this appeal, Developer did not need to file post-trial motions.

Turning to Developer's failure to file a Rule 1925(b) Statement, we note that in *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (quoting *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)), the Pennsylvania Supreme Court reaffirmed the "bright-line rule" that "'in order to preserve their claims for

---

[6] While Superior Court decisions are not binding on this Court, they offer persuasive precedent where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925[(b)]. Any issues not raised in a Pa. R.A.P. 1925(b) statement will be deemed waived.'"

Nevertheless, Rule 1925(b)(2)(i) provides that "[i]n extraordinary circumstances, the judge [who entered the order giving rise to the notice of appeal] may allow for the filing of a [Rule 1925(b)] Statement . . . *nunc pro tunc*." Pa. R.A.P. 1925(b)(2)(i). When an appellant failed to file a timely Rule 1925(b) Statement but requested permission from the trial court to file an otherwise untimely Rule 1925(b) Statement, we remanded to the trial court for further proceedings because "the trial court did not make findings of fact or provide analysis regarding whether [the appellant's delay] met the requirements for *nunc pro tunc* relief." *Bierley v. Kowalski* (Pa. Cmwlth., No. 551 C.D. 2017, filed March 2, 2018), slip op. at 3.[7] We have also permitted an appellant leave to file an application to file a Rule 1925(b) Statement *nunc pro tunc* with a trial court when the appellant requested we grant leave to correct her failure to properly file a Rule 1925(b) Statement. *See In re City of Philadelphia* (Pa. Cmwlth., No. 167 C.D. 2022, filed April 20, 2022). This comports with our "right under the Judicial Code to 'affirm, modify, vacate, set aside or reverse any order brought before [us] for review, and [to] remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances.'" Note to Pa. R.A.P. 1925(c) (quoting 42 Pa.C.S. § 706).

Here, Developer has requested relief from this Court regarding its failure to file a Rule 1925(b) Statement. In addition, Developer filed the Motion in the trial

---

[7] We may cite unreported memorandum opinions which this Court issued on or after January 15, 2008, for their persuasive value. *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

court, asserting it did not receive, or have notice of, the trial court's August 23, 2023 order directing the filing of a Rule 1925(b) Statement. *See* S.S.O.R., Motion at 3. While Developer called the Motion a motion to vacate the trial court's August 23, 2023 order, Developer was attempting to obtain *nunc pro tunc* relief. The trial court, believing it did not have jurisdiction to entertain Developer's Motion, conservatively referred the matter to this Court. Because the Motion presented a request for *nunc pro tunc* relief, however, the trial court should have proceeded to determine whether or not to permit the late filing of a Rule 1925(b) Statement, *nunc pro tunc*, under Rule 1925(b)(2)(i).[8]

Accordingly, we remand this matter to the trial court for an evidentiary hearing to determine whether Developer should be permitted to file a Rule 1925(b) Statement, *nunc pro tunc*. On remand, the trial court must determine whether Developer's failure "resulted from extraordinary circumstances, such as fraud, a breakdown in the administrative process, or non-negligent circumstances involving the appellant, his counsel, or a third party." *H.D. v. Dep't of Pub. Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000) (citation omitted). In addition, Developer must establish it acted "(1) . . . within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed time period is of very short duration; and (3) the appellee will not be prejudiced by the delay." *Id.*

Based on the limited record we received, we are confident some human error occurred in this matter. Developer's counsel, as an officer of the court, has

---

[8] The trial court relied on Pennsylvania Rule of Appellate Procedure 1701 (Rule 1701) in determining it did not have jurisdiction to rule on the Motion. Rule 1701(a) provides: "[e]xcept *as otherwise prescribed by these rules*, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a) (emphasis added). Rule 1925(b)(2)(i) sets forth a situation which is *otherwise prescribed* by the Rules of Appellate Procedure. Therefore, Rule 1701(a) encompasses Rule 1925(b)(2)(i) and empowers a trial court to address whether to permit the filing of a Rule 1925(b) Statement *nunc pro tunc*.

consistently asserted he was not served with a copy of the trial court's August 23, 2023 order. Only the trial court, after receiving witness testimony and evidence, may make the initial credibility determinations necessary to conclude whether human error occurred in the Prothonotary's office, Developer's counsel's office, or otherwise.

## III. Conclusion

For the reasons set forth above, we remand this matter to the trial court for further proceedings consistent with this memorandum opinion.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Bluffs at Glade Path, L.P., :
                              Appellant :
                                             :
           v. :
                                             :
Center Township Sanitary Authority :
                                             :
                                             :
The Bluffs at Glade Path, L.P., :
                              Appellant :
                                             :
           v. :
                                             : No. 908 C.D. 2023
Center Township Water Authority :

# **O R D E R**

**AND NOW**, this 24th day of January 2025, this matter is hereby **REMANDED** to the Beaver County Court of Common Pleas (trial court) for an evidentiary hearing consistent with the foregoing memorandum opinion. If the trial court determines Appellant is entitled to *nunc pro tunc* relief, it shall permit Appellant to file a Pa. R.A.P. 1925(b) Statement, address the merits of Appellant's appeal in a new Pa. R.A.P. 1925(a) opinion, and remit the same and the original records to this Court within 120 days of the date of this Order. If the trial court concludes *nunc pro tunc* relief is not warranted, the trial court shall issue an opinion, including findings of fact and conclusions of law explaining its determination, and remit the same and the original records to this Court within 90 days of the date of this Order.

Jurisdiction is retained.

_____
STACY WALLACE, Judge