# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eye Consultants of Pennsylvania, P.C., :
                Petitioner :
                               : No. 109 C.D. 2024
           v. :
                               : Submitted: May 6, 2025
Department of Human Services, :
                Respondent :

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                    **FILED: June 9, 2025**

Eye Consultants of Pennsylvania, P.C. (Petitioner) has petitioned this Court to review an order entered by the Department of Human Services (DHS), Bureau of Hearings and Appeals (BHA) on January 10, 2024, which denied Petitioner's appeal request for a hearing. Upon review, we discern no circumstances that could be considered non-negligent that would excuse Petitioner's untimely appeal and, therefore, affirm.

# I. BACKGROUND[1]

On August 2, 2022, Petitioner sent a letter to BHA, purporting to appeal final findings issued by DHS on July 6, 2022 (notice).[2] The BHA treated Petitioner's appeal letter as a request for a hearing under 55 Pa.Code § 41.31. However, Petitioner's request failed to include the notice as required by 55 Pa.Code § 41.31(e). Accordingly, on August 22, 2022, the BHA issued a Rule to Show Cause (Rule), sent by United States mail to Petitioner's address on record, directing Petitioner to explain why the request should not be dismissed for a defective filing. The Rule explained that, without a copy of the notice, the BHA could not determine whether the appeal was timely. *See* Rule to Show Cause, 8/22/22. The Rule further advised Petitioner that it had until October 31, 2022, to cure the defect by submitting the notice and providing justification for any untimeliness sufficient to support *nunc pro tunc* relief. *See id.* Unfortunately, Petitioner never responded to the Rule or submitted the required documentation.

On January 10, 2024, the Administrative Law Judge (ALJ) recommended dismissal of the appeal due to Petitioner's failure to respond to the

---

[1] Except as otherwise indicated, we derive this background from the original record certified by DHS. Additionally, we note that the recommendation issued by the Administrative Law Judge (ALJ) accurately states the procedural history of this case. *See* ALJ's Recommendation, 01/10/2024.

[2] Petitioner's appeal letter includes excerpts from the notice. The actual notice by DHS does not appear in the original record, but Petitioner has included a copy of the notice in the reproduced record. The notice informed Petitioner that it owed $66,957.79 in restitution for its numerous violations of Medical Assistance regulations. *See* Reproduced Record (R.R.) at 18a-21a. We additionally note and caution that an appellate court is limited to considering only facts that have been duly certified in the record on appeal and, for purposes of appellate review, that which is not part of the certified record does not exist. *City of Pittsburgh Comm'n on Hum. Rels. v. DeFelice*, 782 A.2d 586, 593 n.10 (Pa. Cmwlth. 2001). Documents attached to a brief as an appendix or reproduced record may not be considered by an appellate court when they are not part of the certified record. *Stabler Dev. Co. v. Bd. of Supervisors of Lower Mt. Bethel Twp.*, 695 A.2d 882, 887 n.5 (Pa. Cmwlth. 1997).

Rule and provide a copy of the notice, as required by 55 Pa.Code § 41.31(e). DHS adopted the ALJ's recommendation that same day. Petitioner filed an application for reconsideration with the DHS Secretary on January 24, 2024, but received no response.

Petitioner timely filed his petition for review in this Court on February 6, 2024. DHS moved to dismiss the petition on July 3, 2024, asserting lack of jurisdiction, but failed to articulate why this Court would lack appellate jurisdiction of DHS's January 10, 2024 final order. This Court denied the motion and directed DHS to file a brief. *See* Memorandum and Order, 9/9/24.

## II. ISSUE

Petitioner contends that DHS committed reversable error in dismissing its appeal because Petitioner's failure to respond to the Rule was the result of "excusable neglect" and thus, not a jurisdictional bar to review. *See* Pet'r's Br. at 1-2. In support, Petitioner claims that its counsel experienced a health emergency "the last week of August 2022 through the first two weeks of September," and that this disruption led to an inadvertent oversight. *See id.* at 9-12 (discussing *Muma v. Pa. Dep't of Health, Div. of Nursing Care Facilities*, 223 A.3d 742 (Pa. Cmwlth. 2019)).

DHS responds, contending that dismissal was proper due to the uncorrected filing defect and failure to respond to the Rule. *See* Resp't's Br. at 11-13 (unpaginated). Further, according to DHS, Petitioner is not entitled to *nunc pro tunc* relief, as it has never filed the required notice, even long after counsel's health emergency resolved. *See id.* at 14-16.

### III. DISCUSSION[3]

A provider dissatisfied with an agency action may seek review by filing a request for a hearing with the Bureau. *See* 55 Pa. Code § 41.31(a). When a provider receives written notice of an agency action by mail or personal service, the provider must include with the hearing request a copy of the transmittal letter and the first page of the notice, or, if no transmittal letter was provided, the provider must instead attach a complete copy of the written notice. 55 Pa. Code § 41.31(e).[4] "A provider may amend a request for a hearing as a matter of right within 90 days of the filing date of the request for hearing." 55 Pa. Code § 41.32(c)(1). However, BHA lacks jurisdiction to hear a request for hearing if the provider does not file its request within 33 days of the date of the written notice of the agency action. 55 Pa. Code § 41.32(a)(1).

It is well settled that failure to timely appeal an administrative agency's action constitutes a jurisdictional defect. *Church of God Home, Inc. v. Dep't of Pub. Welfare*, 977 A.2d 591, 593 (Pa. Cmwlth. 2009). "Consequently, an extension of time to file an appeal cannot be granted as a matter of grace or mere indulgence." *R.H. v. Dep't of Hum. Servs.*, 205 A.3d 410, 416 (Pa. Cmwlth. 2019).

Nevertheless, an untimely appeal or request for hearing may proceed *nunc pro tunc* provided the petitioner can demonstrate that the delay in filing the

---

[3] On appeal from a BHA order, our review "is limited to determining whether the adjudication is supported by substantial evidence, whether the decision is in accordance with the applicable law, or whether constitutional rights were violated." *G.A.L. v. Dep't of Hum. Servs.*, 189 A.3d 497, 499 n.5 (Pa. Cmwlth. 2018) (quoting *Cambria Cnty. Home & Hosp. v. Dep't of Pub. Welfare*, 907 A.2d 661, 667 (Pa. Cmwlth. 2006)).

[4] This appeal requirement is issued under 67 Pa.C.S. § 1106, which provides that the "[BHA] through [DHS], shall promulgate regulations establishing rules of procedure as may be necessary to carry out the provisions of" the Public Welfare Code. Act of Dec. 3, 2002, P.L. 1147, *as amended*.

appeal resulted from extraordinary circumstances, such as fraud, a breakdown in the administrative process, or non-negligent circumstances involving the petitioner, his counsel, or a third party. 55 Pa. Code § 41.33 ("[BHA], upon written motion and for good cause shown, may grant leave to a provider to file a request for hearing [*nunc pro tunc*] under the common law standard applicable in analogous cases in courts of original jurisdiction."); *H.D. v. Pa. Dep't of Pub. Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000).

Additionally, a petitioner must also establish that "(1) the appeal was filed within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed time period is of very short duration; and (3) the respondent will not be prejudiced by the delay." *H.D.*, 751 A.2d at 1219. When non-negligent circumstances occur, an untimely appeal may proceed *nunc pro tunc* "only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001). Thus, *nunc pro tunc* relief will not be granted when delays are caused by negligence or neglect. *Id.*

Here, Petitioner filed a hearing request on August 2, 2022, but failed to include the required notice of agency action, as mandated by 55 Pa. Code § 41.31(e). On August 22, 2022, the BHA mailed the Rule to Petitioner's address of record, informing Petitioner that it had until October 31, 2022, to cure the defect by submitting the notice and, if applicable, explaining any non-negligent circumstances supporting *nunc pro tunc* relief. *See* Rule to Show Cause, 8/22/22. Despite this opportunity, Petitioner never responded or filed the notice.

Petitioner attributes its failure to counsel's health-related emergency between late August and mid-September, but that explanation does not account for why no action was taken during the six-week period following the emergency. Furthermore, Petitioner does not identify any other reason that might excuse this omission. Accordingly, we cannot find that these circumstances were non-negligent or that Petitioner met its burden under the *nunc pro tunc* standard. *See H.D.*, 751 A.2d at 1219; 55 Pa. Code § 41.33.

Moreover, even if we were to assume that counsel's medical emergency constituted a non-negligent justification, *nunc pro tunc* relief is still unavailable because Petitioner never filed the notice, which was essential to perfecting the appeal. *See* 55 Pa. Code § 41.31(e). The failure to take any corrective action, despite clear notice and ample time, supports DHS's dismissal of the appeal and leaves no basis for reversal.

Finally, Petitioner's reliance on *Muma* is misplaced. *See* Pet'r's Br. at 9-12. In *Muma*, the petitioner filed an untimely request for an initial administrative hearing after being notified that he was indicated for misconduct involving abuse. 223 A.3d at 745. DHS denied the request as untimely, applying a *nunc pro tunc* standard to justify its refusal to hold a hearing. *Id.* This Court reversed, holding that a late request for an initial hearing is not equivalent to an untimely appeal, and that while a late appeal implicates jurisdiction and must be dismissed, a late request for an initial hearing is not jurisdictional and should instead be evaluated under a less stringent civil standard. *Id.* at 750. Here, by contrast, Petitioner did not merely request an initial hearing in an untimely manner—it failed altogether to respond to the Rule to Show Cause or file the required notice of agency action. Accordingly,

6

*Muma* does not excuse Petitioner's complete failure to cure the jurisdictional defect or establish a basis for *nunc pro tunc* relief.

## IV. CONCLUSION

Petitioner did not timely perfect its appeal and request for a hearing following DHS's notice. Therefore, the BHA lacked jurisdiction to consider it. 55 Pa. Code § 41.32(a)(1). Additionally, Petitioner failed to file the notice at all or identify non-negligent circumstances that would warrant *nunc pro tunc* relief. 55 Pa. Code § 41.32(a)(1); *H.D.*, 751 A.2d at 1219. Thus, we affirm.

**LORI A. DUMAS, Judge**

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Eye Consultants of Pennsylvania, P.C., :
               Petitioner :
                             :   No. 109 C.D. 2024
                 v. :
                             :
Department of Human Services, :
               Respondent :

# **O R D E R**

AND NOW, this 9th day of June, 2025, the order entered by the Department of Human Services, Bureau of Hearings and Appeals, on January 10, 2024, is AFFIRMED.

 

 

**LORI A. DUMAS, Judge**